Agnes, Peter W., J.

1. Introduction

This is a civil action which was filed on March 22, 2004 to recover damages allegedly incurred when water leaked into premises leased by the plaintiff from the defendant Worcester, Lincoln, L.L.C. (Defendant). On August 15, 2005, the plaintiff answered two expert interrogatories by stating that it had not yet made a *556 decision to call an expert at trial and would supplement its response if it made such a decision in the future. See Mass.R.Civ.P. 26(e). The defendant maintains that the plaintiff has failed to comply with its discovery obligations because too much time has passed without either disclosure of the identity of an expert the plaintiff will call at trial or an acknowledgment that it will not call such a witness at trial.

2. Duty to disclose identity of expert witness and substance of experts anticipated trial testimony

A party’s obligation under our discovery practice is to disclose the identity of an expert witness it “expects to call as an expert witness at trial,” and the other information requested by an interrogatory served in compliance with Mass.RCiv.P. 26(b)(4)(A), within 45 days of receiving the interrogatory. See Mass.RCiv.P. 33(a)(3). If, as in this case, a party served with an expert witness has not yet decided that it “expects” to call a particular expert witness at trial, it should state that fact and acknowledge that it will supplement its response in a timely manner by providing the requested information. If, thereafter, the party which was served with the expert witness decides that it will call an expert witness at trial, it has a duty to supplement its earlier answer immediately. See Mass.RCiv.P. 26(e)(1). There is an indication that by the time of the final pretrial conference referred to in Second Amended Standing Order 1-88, Appendix A paragraph (6), a party should have made the decision whether to call an expert witness at trial. Standing Order 1-88, however, also indicates that an expert disclosure made at the time of the final pretrial conference does not waive a party’s right to argue that the disclosure was not made in a timely manner or was not adequate.

3. Timeliness of disclosure

There is no hard and fast rule with respect to the point in time when a party must make a decision to designate an expert witness as an expert it intends to call as a witness at trial. See Mass.R.Civ.P. 26(b)(4). See Lauriat et al., Discovery §2.9 pp. 98-100 (49 Mass. Practice 2001 & Supp. 2005) (collecting cases). Ultimately, it is fair to say that the court has “considerable discretion” when it comes to the timeliness of a party’s disclosure of its intent to call an expert witness at trial. See Derby Refining Co. v. Chelsea, 407 Mass. 703, 716 n. 11 (1990). The present case has not yet been scheduled for a final pretrial conference and does not have a firm trial date assigned. Even if a trial takes place, it is unlikely that this case will be reached for trial within the next six months. Thus, assuming that the plaintiff has not yet made a decision that it expects to call an expert witness, on the record before me, the plaintiff has not violated its obligations under the rules of civil procedure.

ORDER

For the above reasons, the defendant’s motion to compel is DENIED.